**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHADY GERGIS**<br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES A/K/A "USCIS"**<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No: 26CV10971** |

# COMPLAINT FOR WRIT OF MANDAMUS

Now comes the Plaintiff, SHADY GERGIS, by and through their attorney Alexander Michael and hereby brings his complaint for mandamus relief against the United States Citizenship and Immigration Services ("USCIS"). In support of this petition, Plaintiff hereby states as follows:

## PARTIES AND BACKGROUND

1. Plaintiff, SHADY GERGIS, ("GERGIS") is the Plaintiff in this case and a native of Egypt.
2. GERGIS was granted asylum status in the United States by an Immigration Judge (EOIR) on July 30, 2025.
3. His application for asylum had previously been pending since approximately May of 2013.
4. Prior to being granted asylum, GERGIS had applied to renew his work authorization in the United States.
5. He filed his application to renew his work authorization on or about March 10, 2025.
6. An application to renew work authorization is called a form I-765 that is filed with Defendant, United States Citizenship and Immigration Services, A/K/A USCIS.

7. Defendant USCIS, is a United States agency with the purpose of reviewing, and adjudicating immigration related applications and benefits.
8. GERGIS filed his I-765 application with USCIS based on his pending asylum application.
9. The application for work authorization has been pending for approximately 18 months.
10. That such processing time for a work authorization application is outside normal processing times, and beyond what is allowed under statute.
11. Accordingly, because the government failed to complete its obligation in a reasonable and timely manner, this action is brought to compel USCIS to carry out its obligations in a timely manner.
12. GERGIS's A number or Alien number (A USCIS identifier for all immigration applicants) is A 205-948-017.
13. USCIS issued a receipt number IOE0930640541 for the I-765 application.
14. 8 C.F.R. 274a.13 (a)(2) states in relevant part that "An application for an initial employment authorization or for a renewal of employment authorization filed in relation to a pending claim for asylum **shall be adjudicated** in accordance with 8 CFR 208.7.
15. Under 8 C.F.R. 208.7 (a)(1)(v) the statute states in relevant part that "if the asylum application is not so rejected or denied, USCIS **shall have 30 days** from the date of filing of the application for employment authorization to grant or deny that application."
16. Further 8 C.F.R. 208.7(b) states that employment authorization "**shall** be renewable."
17. USCIS has provided no updates, no requests for evidence, or any other explanation for the delay.

18. That adjudicating such matters (I-765s) is within the ordinary course of business and scope of duties of USCIS.
19. The Instant Action for Mandamus arises from the fact that the Plaintiffs believe that the delay is occasioned by USCIS and that such delay stems from a failure to act or exercise their duty in these matters.
20. That such delay in adjudicating a routine application is unreasonable. The Plaintiffs seek an order to compel USCIS to act on this application and move it towards resolution/adjudication.

## JURISDICTION AND VENUE

21. This is a civil action brought pursuant to 28 U.S.C. §1361 which states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."
22. GERGIS resides in the Northern District of Illinois.
23. Under 28 U.S.C. 1402(a)(1) venue is proper "in the judicial district where the plaintiff resides."
24. Jurisdiction is further conferred under the federal question provision of 28 U.S.C. §1331, which states that "the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
25. Jurisdiction is also conferred pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §555 (b) and 702.
26. According to the APA, USCIS is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and

necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

27. USCIS is subject to 5 U.S.C. §555 (b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (where the court held that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C.§1331. Furthermore, 5 U.S.C. §706(1) grants the power for the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed".

**COUNT I: WRIT OF MANDAMUS**

28. Plaintiff hereby restates and repleads Paragraphs 1-27 as though they were fully set forth herein in this paragraph.
29. GERGIS, as of September 10, 2026, has been waiting for a decision for approximately a year on the I-765 application.
30. The Plaintiff is entitled to adjudication of the matter.
31. 28 U.S.C. §1361 states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."
32. According to the APA, USCIS is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."
33. That USCIS has not acted in a reasonably timely manner.
34. GERGIS has to deal with the faces the loss of his employment, and his ability to renew his driver's license if USCIS is not compelled to act on this application.

35. Illinois Department of Vehicles require a valid work authorization card in order to renew driver's licenses.
36. GERGIS would lose his ability to work, drive, earn a living and survive.
37. That the Defendant's delay has caused Plaintiffs an unreasonable amount of stress, delay, and hardship as well as expense from this uncertain future.
38. A Plaintiff filing a mandamus complaint must demonstrate that: (1) she has a clear right to the relief sought; (2) the defendant has a clear duty to perform; (3) no other adequate remedy is available. *Blaney v. U.S.*, 34 F. 3d 507, 513 (7th Cir. 1994); *Iddir v. INS*, 301 F. 3d 492, 499 (7th Cir. 2002).
39. The Plaintiff meets all of the three requirements.
40. The Plaintiff is entitled to adjudication and obtain a fair and timely decision on his case and is eligible for I-765 relief.
41. GERGIS meets all statutory requirements for eligibility of work authorization.
42. The Defendant, USCIS, is the only agency who has the requisite authority to adjudicate such I-730 applications.
43. Finally, other than a decision by USCIS, there is no other way possible to resolve his work authorization application in the United States since USCIS is the only agency with authority to act on behalf of the United States and make determinations regarding I-765 applications.
44. Defendant's delay is without justification. No explanation has been given for the nature of the delay.

WHEREFORE, the PLAINTIFF, by and through their attorney, prays for the following relief:

A. Compel the Defendant, USCIS, and those acting under them or within their scope of duties at USCIS to take all appropriate action to adjudicate the Plaintiff's I-765 application without further delay;

B. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

C. Grant such other and further relief as this Court deems proper.

Respectfully Submitted

/s/ Alexander Michael

______________________________

Alexander Michael
Law Office of Alexander Michael
111 W Jackson Blvd
Suite 1700
Chicago, IL 60604
773-732-1896
AMICHAELLAW1@GMAIL.COM